IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.:  20-01362 |
| | ) | |
| Leixy L Blue | ) | Chapter 13 |
| | ) | |
| | ) | Judge:   Deborah L. Thorne |
| Debtor(s) | ) | |

TO:   Trustee Marilyn Marshall, 224 S. Michigan Ave., #800, Chicago, IL 60604;

See attached service list.

## PROOF OF SERVICE

The undersigned, an attorney, certifies that he transmitted a copy of this notice and the attached Amended Chapter 13 Plan to the above-named creditor and also to the attached service list via regular U.S. Mail with postage prepaid from the mailbox located at 4131 Main St. Skokie, IL 60076, on March 26, 2020.

/s/ *David H. Cutler*
Attorney for the Debtor

Cutler & Associates, Ltd.
4131 Main St.
Skokie, IL 60076
Phone: (847) 673-8600

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0752-1<br>Case 20-01362<br>Northern District of Illinois<br>Eastern Division<br>Thu Mar 26 19:28:43 CDT 2020 | Atlas Acquisitions LLC<br>294 Union St.<br>Hackensack, NJ 07601-4303 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |
| U.S. Bankruptcy Court<br>Eastern Division<br>219 S Dearborn<br>7th Floor<br>Chicago, IL 60604-1702 | American Credit Acceptance<br>Attn: Bankruptcy<br>961 E Main St<br>Spartanburg, SC 29302-2185 | Amerimark Premier<br>AmeriMark Easy Pay Plan<br>Po Box 2845<br>Monroe, WI 53566-8045 |
| Atlas Acquisitions LLC  (Mid America Bank an<br>294 Union St.<br>Hackensack, NJ 07601-4303 | CREDIT FIRST NA<br>po box 818011<br>CLEVELAND, OH 44181-8011 | CW Nexus Credit Card Holdings l, LLC<br>Resurgent Capital Services<br>PO Box 10368<br>Greenville, SC 29603-0368 |
| Capital One<br>Attn: Bankruptcy<br>Po Box 30285<br>Salt Lake City, UT 84130-0285 | Capital One Bank (USA)<br>by American InfoSource as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 | Capital One N.A.<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 |
| Capital One Na<br>Attn: Bankruptcy<br>Po Box 30285<br>Salt Lake City, UT 84130-0285 | Capital One, N.A.<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 | Comenity Bank/Ann Taylor<br>Attn: Bankruptcy Dept<br>Po Box 182125<br>Columbus, OH 43218-2125 |
| Comenity Bank/Buckle<br>Attn: Bankruptcy<br>Po Box 182125<br>Columbus, OH 43218-2125 | Comenity Bank/Chadwicks Of Boston<br>Attn: Bankruptcy<br>Po Box 182125<br>Columbus, OH 43218-2125 | Comenity Bank/Eddie Bauer<br>Attn: Bankruptcy<br>Po Box 182125<br>Columbus, OH 43218-2125 |
| Comenity Bank/Jessica London<br>Attn: Bankruptcy<br>Po Box 182125<br>Columbus, OH 43218-2125 | Comenity Bank/Kingsize<br>Attn: Bankruptcy<br>Po Box 182125<br>Columbus, GA 43218-2125 | Comenity Bank/Marathon<br>Attn: Bankruptcy<br>Po Box 182125<br>Columbus, OH 43218-2125 |
| Comenity Bank/Pier 1<br>Attn: Bankruptcy<br>Po Box 182125<br>Columbus, OH 43218-2125 | Comenity Bank/Victoria Secret<br>Attn: Bankruptcy<br>Po Box 182125<br>Columbus, OH 43218-2125 | ComenityBank/Venus<br>Attn: Bankruptcy Dept<br>Po Box 182125<br>Columbus, OH 43218-2125 |
| Comenitybank/New York<br>Attn: Bankruptcy<br>Po Box 18215<br>Columbus, OH 43218 | Comenitybank/Talbots<br>Attn: Bankruptcy Dept<br>Po Box 182125<br>Columbus, OH 43218-2125 | Comenitycapital/mrsota<br>Attn: Bankruptcy Dept<br>Po Box 182125<br>Columbus, OH 43218-2125 |
| Consumers Credit Union<br>1075 Tri-State Parkway<br>Suite 850<br>Gurnee, IL 60031-9182 | Credit First National Association<br>Attn: Bankruptcy<br>Po Box 81315<br>Cleveland, OH 44181-0315 | Cws/cw Nexus<br>101 Crossways Park Dr W<br>Woodbury, NY 11797-2020 |

| | | |
|---|---|---|
| Fingerhut<br>Attn: Bankruptcy<br>Po Box 1250<br>Saint Cloud, MN 56395-1250 | First PREMIER Bank<br>Attn: Bankruptcy<br>Po Box 5524<br>Sioux Falls, SD 57117-5524 | First Progress<br>Attn: Bankruptcy<br>Po Box 9053<br>Johnson City, TN 37615-9053 |
| Hoevel And Associates<br>3725 N Western Ave<br>Chicago, IL 60618-4705 | Kohls/Capital One<br>Attn: Credit Administrator<br>Po Box 3043<br>Milwaukee, WI 53201-3043 | MERRICK BANK<br>Resurgent Capital Services<br>PO Box 10368<br>Greenville, SC 29603-0368 |
| Merrick Bank/CardWorks<br>Attn: Bankruptcy<br>Po Box 9201<br>Old Bethpage, NY 11804-9001 | Midland Credit Management, Inc.<br>PO Box 2037<br>Warren, MI 48090-2037 | Midland Fund<br>Attn: Bankruptcy<br>350 Camino De La Reine Ste 100<br>San Diego, CA 92108-3007 |
| Midland Funding<br>Attn: Bankruptcy<br>350 Camino De La Reine Ste 100<br>San Diego, CA 92108-3007 | Midland Funding LLC<br>Midland Credit Management, Inc.<br>as agent for Midland Funding, LLC<br>PO Box 2011<br>Warren, MI 48090-2011 | Moneylion<br>Attn: Bankruptcy Dept<br>P.O. Box 1547<br>Sandy, UT 84091-1547 |
| Monterey Collection Services<br>Attn: Bankruptcy<br>4095 Avenida De La Plata<br>Oceanside, CA 92056-5802 | Office of Housing  FHA Comptroller<br>Director of Mortgage Insurance<br>451 Seventh Street , SW<br>Washington, DC 20410-0001 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Quantum3 Group LLC as agent for<br>Comenity Bank<br>PO Box 788<br>Kirkland, WA  98083-0788 | Quantum3 Group LLC as agent for<br>MOMA Trust LLC<br>PO Box 788<br>Kirkland, WA  98083-0788 | Quantum3 Group LLC as agent for<br>Second Round Sub LLC<br>PO Box 788<br>Kirkland, WA  98083-0788 |
| ROBERTSON, ANSCHUTZ, SCHNEID & CRANE LLC<br>c/o Selene Finance LP<br>10700 ABBOTT'S BRIDGE ROAD, SUITE 1<br>DULUTH, GA 30097-8458 | Second Round, LP<br>Attn: Bankruptcy Dept<br>Po Box 41955<br>Austin, TX 78704-0033 | Selene Finance Lp<br>9990 Richmond Ave Ste 40<br>Houston, TX 77042-4559 |
| Selene Finance, LP<br>9990 Richmond Ave. Suite 400 South<br>Houston TX 77042-4546 | SunTrust Bank now Truist Bank<br>P.O. Box 85092<br>Richmond, VA 23286-0001 | Syncb/Crate & Barrel<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 |
| Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | David H Cutler<br>Cutler & Associates, Ltd.<br>4131 Main St.<br>Skokie, IL 60076-2780 | Leixy L Blue<br>2353 S. Buckingham<br>Westchester, IL 60154-5145 |
| Marilyn O Marshall<br>224 South Michigan Ste 800<br>Chicago, IL 60604-2503 | Patrick S Layng<br>Office of the U.S. Trustee, Region 11<br>219 S Dearborn St<br>Room 873<br>Chicago, IL 60604-2027 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Portfolio Recovery
Attn: Bankruptcy
120 Corporate Blvd
Norfold, VA 23502

(d)Portfolio Recovery Associates, LLC
c/o Express
POB 41067
Norfolk VA 23541

(d)Portfolio Recovery Associates, LLC
c/o Menards
POB 41067
Norfolk VA 23541

(d)Portfolio Recovery Associates, LLC
c/o West Elm
POB 41067
Norfolk VA 23541

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Selene Finance , LP

(d)Atlas Acquisitions LLC
294 Union St.
Hackensack, NJ 07601-4303

(u)Comenity Bank/womnwthn

End of Label Matrix
Mailable recipients    58
Bypassed recipients     3
Total                  61

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Leixy L Blue** | |
| | First Name    Middle Name | Last Name |
| Debtor 2 | | |
| (Spouse, if filing) | First Name    Middle Name | Last Name |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF ILLINOIS** | |
| Case number: | **20-01362** | |
| (If known) | | |

■ Check if this is an amended plan, and list below the sections of the plan that have been changed.
**1.1, 1.3, 2.1, 2.3, 2.5, 3.1, 3.2, 3.3, 4.2, 5.1, 8.1**

Official Form 113

# Chapter 13 Plan

12/17

## Part 1:  Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ■ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ■ Included | ☐ Not Included |

## Part 2:  Plan Payments and Length of Plan

2.1    Debtor(s) will make regular payments to the trustee as follows:

**$673.00** per **Month** for **4** months
**$689.00** per **Month** for **56** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2    **Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☐     Debtor(s) will make payments pursuant to a payroll deduction order.
■     Debtor(s) will make payments directly to the trustee.
☐     Other (specify method of payment):

**2.3 Income tax refunds.**

| APPENDIX D | Chapter 13 Plan | Page 1 |
|---|---|---|
| Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com | | Best Case Bankruptcy |

| Debtor | **Leixy L Blue** | Case number | **20-01362** |
|---|---|---|---|

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

■ Debtor(s) will treat income refunds as follows:

**On or before April 20th of the year following the filing of the case and each year thereafter, the Debtor(s) shall submit a copy of the prior year's filed federal tax return to the Chapter 13 Trustee. The Debtor(s) shall tender the amount of any tax refund received while the case is pending in excess of $1,200.00 to the Trustee. The tax refunds shall be treated as additional payments into the plan and must be submitted within 7 (seven) days of receipt of each such refunds by the Debtor(s).**

**2.4 Additional payments.**

*Check one.*

■ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is **$41,276.00**.

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

■ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **Selene Finance, LP** | **2353 S Buckingham Westchester, IL 60154 Cook County Principal Residence** | $1,234.64<br>Disbursed by:<br>☐ Trustee<br>■ Debtor(s) | Prepetition: $10,362.90 | 0.00% | $272.71 | $10,362.90 |

*Insert additional claims as needed.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

■ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
■ The claims listed below were either:

| Official Form 113 | **Chapter 13 Plan** | Page 2 |
|---|---|---|
| Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com | | Best Case Bankruptcy |

| Debtor | **Leixy L Blue** | Case number | **20-01362** |

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| **Name of Creditor** | **Collateral** | **Amount of claim** | **Interest rate** | **Monthly plan payment** | **Estimated total payments by trustee** |
|---|---|---|---|---|---|
| **American Credit Acceptance** | **2017 Chevy Equinox** | **$18,650.52** | **7.00%** | **$369.30**<br>Disbursed by:<br>■ Trustee<br>☐ Debtor(s) | **$22,158.00** |

*Insert additional claims as needed.*

**3.4** **Lien avoidance**.

*Check one.*
■ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5** **Surrender of collateral.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| Part 4: | **Treatment of Fees and Priority Claims** |

**4.1** **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **5.00**% of plan payments; and during the plan term, they are estimated to total $**2,063.80**.

**4.3** **Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,500.00**.

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
■ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5** **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |

**5.1** **Nonpriority unsecured claims not separately classified.**

| Debtor | **Leixy L Blue** | Case number | **20-01362** |

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

- ☐ The sum of $ _____ .
- ■ **4.00** % of the total amount of these claims, an estimated payment of $ **2,191.30** .
- ■ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **0.00** . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

■ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3  Other separately classified nonpriority unsecured claims.** *Check one*.

■ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

■ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**7.1  Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
- ☐ plan confirmation.
- ■ entry of discharge.
- ☐ other: _____

## Part 8: Nonstandard Plan Provisions

**8.1  Check "None" or List Nonstandard Plan Provisions**
- ☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

**1. The Chapter 13 plan payments will increase from $673 to $689 per month commencing with the June 2020 plan payment until the end of the plan.**

**2. The second mortgage with Office of Housing, Federal Housing Administration (FHA) for the property located at 2353 S Buckingham Westchester, IL 60154 was part of a loan modification and the Trustee is to make no payments to such creditor.**

## Part 9: Signature(s):

**9.1  Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

| Debtor | **Leixy L Blue** | | Case number | **20-01362** |

X   **/s/ Leixy L Blue**
    **Leixy L Blue**
    Signature of Debtor 1

X
    Signature of Debtor 2

Executed on   **March 26, 2020**

Executed on

X   **/s/ David H. Cutler**
    **David H. Cutler**
    Signature of Attorney for Debtor(s)

Date   **March 26, 2020**

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

| Debtor | **Leixy L Blue** | Case number | **20-01362** |
|---|---|---|---|

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | **$10,362.90** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | **$0.00** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | **$22,158.00** |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | **$0.00** |
| e. | **Fees and priority claims** *(Part 4 total)* | **$6,563.80** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | **$2,191.30** |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | **$0.00** |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | **$0.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | **$0.00** |
| j. | **Nonstandard payments** *(Part 8, total)*     + | **$0.00** |

| **Total of lines a through j** | **$41,276.00** |
|---|---:|